UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS BEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. |
| | ) | |
| ADTALEM GLOBAL EDUCATION, INC. | ) | |
| f/k/a DEVRY, INC., a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, THOMAS BEAVER, by and through his attorneys, the Law Offices of Eugene K. Hollander, and for his Complaint At Law, states as follows:

**JURISDICTION**

1. This is a suit in equity authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Jurisdiction of this court is based upon a federal question, 28 U.S.C. § 1331. The Jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. § 12101 *et seq.*, providing for declaratory, injunctive and other relief against discrimination in employment based upon disability.

2. Venue in this district is proper under 28 U.S.C. Sec.1391 (B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

3. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    a. A charge of employment of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"), by Plaintiff THOMAS BEAVER ("BEAVER") on August 27, 2013, a copy of which is attached hereto as **Exhibit 1.**

    b. BEAVER was issued a notice of right to sue by the EEOC on January 3, 2018 a copy of which is attached hereto as **Exhibit 2**.

## PARTIES

4. BEAVER is a citizen of the United States and the State of Illinois and resides in Riverview, Florida.

5. BEAVER was a member of the protected class when the unlawful employment practices occurred. BEAVER suffers from Attention Defecit Hyperactivity Disorder, Major Depression, Severe Anxiety Disorder. He was and is substantially limited in one or more major life activities, including, but not limited to: working, taking caring of himself, performing manual tasks, sleeping, walking, standing, speaking, reading, concentrating, thinking and communicating.

6. ADTALEM GLOBAL EDUCATION, INC., ("Defendant"), is a global educational provider and was formerly known as DEVRY, INC.

7. Defendant is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

8. Defendant is an employer within the meaning of 29 U.S.C. Sec. 630 (B), 29 U.S.C. § 2611.

## BACKGROUND FACTS

9. BEAVER began his employment with Defendant on or about March 21, 2011 and was last employed in the position of Junior Network Engineer.

10. Throughout his employment with Defendant, up to and through BEAVER's discharge, BEAVER performed according to Defendant's legitimate expectations.

11. On May 23, 2013, BEAVER requested a reasonable accommodation for a leave of absence, to telecommute and for additional time to complete assignments.

12. Thereafter, BEAVER exercised his rights under the Family and Medical Leave Act, ("FMLA"), commencing on May 24, 2013. Said leave was to run continuously through August 15, 2013. Defendant, however, discharged Plaintiff on August 8, 2013 and failed to grant his requests for an accommodation and/or enter into the interactive process with Plaintiff to find an appropriate accommodation.

**COUNT I -**
**ALLEGATIONS OF DISCRIMINATION BASED UPON ADA –**
**TERMINATION**

13. BEAVER reincorporates and realleges paragraphs 1 through 12 as though more fully set forth herein.

14. BEAVER was and is a member of a protected class in that he suffered and continues to suffer from disabilities, Attention Defecit Hyperactivity Disorder, Major Depression, Severe Anxiety Disorder.

15. Defendant, in violation of the provisions of 42 U.S.C. Sec. 12101 *et. seq*., has denied and continue to deny BEAVER an equal opportunity for employment, because of disability.

16. When he was terminated, BEAVER was subjected to disability discrimination in that there was a double standard set up between disabled employees and non-disabled employees not included within the protected class. Plaintiff's non-disabled

counterparts were not subjected to the discriminatory treatment that Plaintiff was subjected to.

17. Disability was a determining factor in Plaintiff's discriminatory treatment and termination. But for Plaintiff's disability, he would not have been terminated. Defendant knew that the discriminatory termination of Plaintiff because of her disability was in violation of the ADA.

18. The unlawful employment practices alleged herein were committed within the State of Illinois.

19. In terminating BEAVER, Defendant wrongfully discriminated against him because of his disability and in violation of the ADA, 42 U.S.C. Sec. 12112 (A).

20. In terminating BEAVER, Defendant maliciously and/or recklessly violated the ADA.

21. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

22. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

23. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, THOMAS BEAVER, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

### COUNT II - AMERICANS WITH DISABILITIES ACT: RECORD OF IMPAIRMENT – TERMINATION

24. The Plaintiff reincorporates and realleges Paragraphs 1 through 12 as though fully set forth herein.

25. The Plaintiff has a history of a physical impairment as defined by the ADA, 42 U.S.C. §12101, 12102 *et. seq*.

26. The Plaintiff is a qualified individual with a disability.

27. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 et seq.

28. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

29. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

30. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, THOMAS BEAVER, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

### COUNT III:  AMERICANS WITH DISABILITIES ACT
### REGARDED AS HAVING AN IMPAIRMENT - TERMINATION

31. The Plaintiff reincorporates and realleges Paragraphs 1 through 12 of this Complaint at Law as though fully set forth herein.

32. Plaintiff suffers from the effects of Attention Defecit Hyperactivity Disorder, Major Depression, Severe Anxiety Disorder.

33. Plaintiff was regarded as having a disability by Defendant.

34. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 *et. seq*.

35. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

36. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

37. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, THOMAS BEAVER, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT IV – TITLE VII – AMERICANS WITH DISABILITIES ACT – FAILURE TO ACCOMODATE

38. The Plaintiff reincorporates and realleges Paragraphs 1 through 12 of this Complaint at Law as though fully set forth herein.

39. During the course of his employment, Plaintiff, made a number of requests for reasonable accomodation.

40. Defendant refused to engage in the interactive process to attempt to accommodate Plaintiff.

41. By refusing to accommodate Plaintiff, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 *et. seq*.

42. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

43. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

10

44. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, THOMAS BEAVER, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

                        **THOMAS BEAVER,**
                        **Plaintiff,**

                        /s/ Eugene K. Hollander
                        One of his attorneys

Eugene K. Hollander
ehollander@ekhlaw.com
Paul W. Ryan
pryan@ekhlaw.com
Jonathon L. Hoeven
jhoeven@ekhlaw.com
**The Law Offices of Eugene K. Hollander**
230 W. Monroe
Suite 1900
Chicago, IL 60602
(312) 425-9100