**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

THOMAS BEAVER,

Plaintiff,

v.

ADTALEM GLOBAL EDUCATION, INC. f/k/a DEVRY, INC., a Delaware corporation,

Defendant.

Case No. 1:18-cv-02192

Judge: The Honorable Robert M. Dow, Jr.
Magistrate Judge: Jeffrey T. Gilbert

**DEFENDANT, ADTALEM GLOBAL EDUCATION, INC.'S, ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant, Adtalem Global Education, Inc. f/k/a DeVry, Inc. ("Adtalem"), by and through its attorneys, Akerman LLP, for its answer to Plaintiff Thomas Beaver's ("Beaver") Complaint at Law ("Complaint"), states as follows:

**JURISDICTION**

1. This is a suit in equity authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Jurisdiction of this court is based upon a federal questions, 28 U.S.C § 1331. The [j]urisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. § 12101, *et seq*., providing for declaratory, injunctive[,] and other relief against discrimination in employment based upon disability.

**ANSWER**:

Adtalem admits for jurisdictional purposes only the allegations set forth in Paragraph 1 of the Complaint, but denies that Plaintiff has any right to maintain this action or that Plaintiff is entitled to any relief in this action.

2. Venue in this district is proper under 28 U.S.C. [§ 1391(b)]. The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

**ANSWER:**

Adtalem admits for venue purposes only the allegations set forth in Paragraph 2 of the Complaint, but denies that it has committed any act or omission giving rise to any liability in this district or otherwise.

3. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:
    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"), by Plaintiff THOMAS BEAVER ("BEAVER") on August 27, 2013, a copy of which is attached hereto as **Exhibit 1**.

    b. BEAVER was issued a notice of right to sue by the EEOC on January 3, 2018[,] a copy of which is attached hereto as **Exhibit 2.**

**ANSWER:**

Adtalem states that the allegations set forth in Paragraph 3 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Adtalem denies the allegations set forth therein.

4. BEAVER is a citizen of the United States and the State of Illinois and resides in Riverview, Florida.

**ANSWER:**

Adtalem is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies same.

5. BEAVER was a member of the protected class when the unlawful employment practices occurred. BEAVER suffers from Attention Deficit Hyperactivity Disorder, Major Depression, Severe Anxiety Disorder. He was and is substantially limited in one or more major life activities, including, but not limited to: working, taking care of himself, performing manual tasks, sleeping, walking, standing, speaking, reading, concentrating, thinking[,] and communicating.

**ANSWER:**

Adtalem states that the allegations set forth in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required,

Adtalem states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Beaver's alleged medical condition. Adtalem otherwise denies the allegations set forth in Paragraph 5 of the Complaint.

6. ADTALEM GLOBAL EDUCATION, INC. ("Defendant"), is a global educational provider and was formerly known as DEVRY, INC.

**ANSWER:**

Adtalem admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

**ANSWER:**

Adtalem admits the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant is an employer within the meaning of 29 U.S.C. [§ 630(B)], 29 U.S.C. § 2611.

**ANSWER:**

Adtalem states that the statutes referenced in Paragraph 8 of the Complaint, which refer to the definition of "employer" under the Age Discrimination in Employment Act and the Family and Medical Leave Act, respectively, each speak for themselves, and therefore no response is required. To the extent a response is required, Adtalem admits that it is an "employer" under these statutes, but states that such statutes are inapplicable to Plaintiff's claims in this action. Adtalem further states that it is an "employer" within the meaning of the ADA.

## BACKGROUND FACTS

9. BEAVER began his employment with Defendant on or about March 21, 2011[,] and was last employed in the position of Junior Network Engineer.

**ANSWER:**

Adtalem admits the allegations set forth in Paragraph 9 of the Complaint.

10. Throughout his employment with Defendant, up to[,] and through[,] BEAVER'S discharge, BEAVER performed according to Defendant's legitimate business expectations.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 10 of the Complaint.

11. On May 23, 2013, BEAVER requested a reasonable accommodation for a leave of absence, to telecommute[,] and for additional time to complete assignments.

**ANSWER**:

Adtalem admits that Beaver requested accommodations during his employment, but denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Thereafter, BEAVER exercised his rights under the Family and Medical Leave Act ("FMLA"), commencing on May 24, 2013. Said leave was to run continuously through August 15, 2013. Defendant, however, discharged Plaintiff on August 8, 2013[,] and failed to grant his requests for an accommodation and/or enter into the interactive process with Plaintiff to find an appropriate accommodation.

**ANSWER:**

Adtalem admits that Beaver made a request for leave under the Family and Medical Leave Act on May 24, 2013, and that his employment was terminated on August 8, 2013, for job abandonment, but denies the remaining allegations set forth in Paragraph 12 of the Complaint.

## COUNT I –<br>ALLEGATIONS OF DISCRIMINATION BASED UPON ADA –<br>TERMINATION

13. BEAVER reincoroporates and realleges Paragraphs 1 through 12 as though more fully set forth herein.

**ANSWER:**

Adtalem re-alleges and restates its answers to Paragraphs 1–12 of the Complaint as if fully restated herein.

14. BEAVER was and is a member of a protected class in that he suffered and continues to suffer from disabilities, Attention Deficit Hyperactivity Disorder, Major Depression, Severe Anxiety Disorder.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant, in violation of the provisions of 42 U.S.C. [§ 12101 et seq.], has denied and continue[s] to deny BEAVER an equal opportunity for employment because of disability.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 15 of the Complaint.

16. When he was terminated, BEAVER was subjected to disability discrimination in that there was a double standard set up between disabled employees and non-disabled employees not included within the protected class. Plaintiff's non-disabled counterparts were not subjected to the discriminatory treatment that Plaintiff was subjected to.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 16 of the Complaint.

17. Disability was a determining factor in Plaintiff's discriminatory treatment and termination. But for Plaintiff's disability, he would not have been terminated. Defendant knew that the discriminatory termination of Plaintiff because of her [sic] disability was in violation of the ADA.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 17 of the Complaint.

18. The unlawful employment practices alleged herein were committed within the State of Illinois.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 18 of the Complaint.

19. In terminating BEAVER, Defendant wrongfully discriminated against him because of his disability and in violation of the ADA, 42 U.S.C. [§ 12112(A)].

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 19 of the Complaint.

20. In terminating BEAVER, Defendant maliciously and/or recklessly violated the ADA.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 20 of the Complaint.

21. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged[,] and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom[,] and usage as set forth herein until and unless enjoined by the Court.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 21 of the Complaint.

22. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 22 of the Complaint.

23. Plaintiff demands a trial by jury.

**ANSWER:**

In response to the allegations set forth in Paragraph 23 of the Complaint, Adtalem admits that Beaver has demanded a trial by jury but denies that there are any issues so triable.

Adtalem denies that Beaver is entitled to any of the relief sought in the "Wherefore" paragraph following Paragraph 23 of the Complaint, including each of the subparts (1) through (9) thereto.

**COUNT II –AMERICANS WITH DISABILITIES ACT:
RECORD OF IMPAIRMENT –TERMINATION**

24. The Plaintiff reincorporates and realleges Paragraphs 1 through 12 as though fully set forth herein.

**ANSWER:**

Adtalem re-alleges and restates its answers to Paragraphs 1–12 of the Complaint as if fully restated herein.

25. The Plaintiff has a history of a physical impairment as defined by the ADA, 42 U.S.C. § 12101, 12102, *et seq*.

**ANSWER:**

Adtalem states that Paragraph 25 of the Complaint sets forth a legal conclusion, and further asserts that the referenced statutes, 42 U.S.C. § § 12101 and 12102 each speak for themselves, and thus a response is not required. To the extent a response is required, Adtalem denies the allegations set forth in Paragraph 25 of the Complaint.

26. The Plaintiff is a qualified individual with a disability.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 26 of the Complaint.

27. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. § 12112, et seq.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 27 of the Complaint.

28. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged[,] and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom[,] and usage as set forth herein until and unless enjoined by the Court.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 28 of the Complaint.

29. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 29 of the Complaint.

30. Plaintiff demands a trial by jury.

**ANSWER:**

In response to the allegations set forth in Paragraph 30 of the Complaint, Adtalem admits that Beaver has demanded a trial by jury but denies that there are any issues so triable.

Adtalem denies that Beaver is entitled to any of the relief sought in the "Wherefore" paragraph following Paragraph 30 of the Complaint, including each of the subparts (1) through (9) thereto.

**COUNT III: AMERICANS WITH DISABILITIES ACT**
**REGARDED AS HAVING AN IMPAIRMENT –TERMINATION**

31. The Plaintiff reincorporates and realleges Paragraphs 1 through 12 of this Complaint at Law as though fully set forth herein.

**ANSWER:**

Adtalem re-alleges and restates its answers to Paragraphs 1–12 of the Complaint as if fully restated herein.

32. Plaintiff suffers from the effects of Attention Deficit Hyperactivity Disorder, major Depression, Severe Anxiety Disorder.

**ANSWER:**

Adtalem is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and therefore denies same.

33. Plaintiff was regarded as having a disability by Defendant.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 33 of the Complaint.

34. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. § 12112, *et seq*.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 34 of the Complaint.

35. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs

alleged[,] and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom[,] and usage as set forth herein until and unless enjoined by the Court.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 35 of the Complaint.

36. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 36 of the Complaint.

37. Plaintiff demands a trial by jury.

**ANSWER:**

In response to the allegations set forth in Paragraph 37 of the Complaint, Adtalem admits that Beaver has demanded a trial by jury but denies that there are any issues so triable.

Adtalem denies that Beaver is entitled to any of the relief sought in the "Wherefore" paragraph following Paragraph 37 of the Complaint, including each of the subparts (1) through (9) thereto.

**COUNT IV: TITLE VII –AMERICANS WITH DISABILITIES ACT –
FAILURE TO ACCOMMODATE**

38. The Plaintiff reincorporates and realleges Paragraphs 1 through 12 of this Complaint at Law as though fully set forth herein.

**ANSWER:**

Adtalem re-alleges and restates its answers to Paragraphs 1–12 of the Complaint as if fully restated herein.

39. During the course of his employment, Plaintiff made a number of requests for reasonable accommodation.

**ANSWER**:

Adtalem admits that Beaver requested an accommodation during his employment, but denies the remaining allegations set forth in Paragraph 39 of the Complaint.

40. Defendant refused to engage in the interactive process to attempt to accommodate Plaintiff.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 40 of the Complaint.

41. By refusing to accommodate Plaintiff, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. § 12112, *et seq*.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 41 of the Complaint.

42. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged[,] and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom[,] and usage as set forth herein until and unless enjoined by the Court.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 42 of the Complaint.

43. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 43 of the Complaint.

44. Plaintiff demands a trial by jury.

**ANSWER:**

In response to the allegations set forth in Paragraph 44 of the Complaint, Adtalem admits that Beaver has demanded a trial by jury, but denies that there are any issues so triable.

Adtalem denies that Beaver is entitled to any of the relief sought in the "Wherefore" paragraph following Paragraph 44 of the Complaint, including each of the subparts (1) through (9) thereto.

**AFFIRMATIVE DEFENSES**

1. Adtalem asserts that it had legitimate, non-discriminatory reasons for its employment decisions concerning Beaver that he cannot show were a pretext for unlawful discrimination.

2. Beaver's claims are barred to the extent that Beaver has failed to exhaust all administrative remedies and/or has failed to comply with all administrative prerequisites and/or has failed to satisfy all conditions precedent to bringing this action.

3. Adtalem asserts that it has made good-faith efforts to prevent discrimination in the workplace, and thus, cannot be liable for the decision of its agents, or for punitive damages, to the extent that the challenged employment decisions were contrary to its efforts to comply with anti-discrimination statutes.

4. To the extent that Adtalem discovers evidence of wrongdoing by Beaver, Adtalem hereby invokes the after-acquired evidence rule to preclude an award of reinstatement or front pay/back pay past the time at which Adtalem discovers the new evidence.

5. Adtalem asserts that Beaver's damages, if any, must be reduced, in whole or in part, because of Beaver's failure to mitigate damages and, further, that any interim earnings or amounts earnable with due diligence by Beaver reduces any entitlement to back pay. In addition, such sums may also set-off and reduce other claims for damages alleged by Beaver.

6. Adtalem asserts that Beaver's claims are limited in scope by his charge of discrimination filed with the Equal Employment Opportunity Commission/Illinois Human Rights Commission, and any claims beyond the scope of such charge are barred.

7. Beaver is not entitled to recover punitive damages against Adtalem because Adtalem did not intentionally discriminate against Beaver and did not act with malice or reckless indifference to Beaver's protected rights.

8. Adtalem asserts that in the event of an adverse judgment, Beaver is not entitled to recovery of multiple damages based upon a common nucleus of operative facts.

9. Adtalem asserts that Beaver's claims for damages in this action are subject to the limitations provided for in the ADA.

10. Defendant reserves the right to raise any additional affirmative defenses as discovery may reveal.

**WHEREFORE,** Defendant, Adtalem Global Education, Inc., respectfully requests that judgment be entered in its favor and against Plaintiff, Thomas Beaver, and that Defendant, Adtalem Global Education, Inc. be awarded its fees, costs, and any other relief that this Court deems appropriate.

Dated: May 16, 2018

Respectfully submitted,

Adtalem Global Education, Inc.
f/k/a DeVry, Inc.,

By: /s/ Michael C. Marsh
One of Defendant's Attorneys

**AKERMAN LLP**
Michael C. Marsh
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
michael.marsh@akerman.com
305-374-5600

--and--

Shayla N. Waldon
(*admission application forthcoming*)
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, Florida 33401
shayla.waldon@akerman.com
561-653-5000

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused the foregoing Defendant's Answers and Affirmative Defenses to the Complaint at Law filed by Thomas Beaver to be served upon the following counsel of record on this 16th day of May 2018 via the ECF filing system:

Eugene K. Hollander
Paul W. Ryan
Jonathan L. Hoeven
The Law Offices of Eugene K. Hollander
230 W. Monroe
Suite 1900
Chicago, IL 60602

/s/ Michael C. Marsh
Michael C. Marsh